UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY H. DAVALLOU,<br><br>                               Plaintiff,<br><br>v.<br><br>GLENMARK PHARMACEUTICALS US HEAD QUARTERS, a business of unknown form,<br><br>                              Defendant. | Case No.: 20-cv-00619-DMS-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is Defendant Glenmark Pharmaceuticals Inc., USA's motion to dismiss Plaintiff Harry H. Davallou's Complaint under Federal Rule of Civil Procedure 41(b). Plaintiff, proceeding *pro se*, filed a response to Defendant's motion. For the reasons given herein, the Court grants Defendant's motion to dismiss.

**I.**

**BACKGROUND**

On March 3, 2020, Plaintiff filed a Complaint based on products liability in the Superior Court of California, County of San Diego. (ECF No. 1 at 11.) Plaintiff alleges that in November of 2019, his previously mild Parkinson's disease worsened and he experienced "general weakness in [his] body." (*Id.* at 14.) Plaintiff alleges that at the same

time, he received a letter from CVS Pharmacy indicating that the prescription drug he had been taking—ranitidine, the generic version of the brand-name Zantac heartburn and ulcer medication—was recalled. (*Id.* at 14, 17.) Plaintiff connected the progression of his Parkinson's disease to the recall of ranitidine. (*Id.* at 14.) Based on these alleged facts, Plaintiff brought suit against the manufacturer of ranitidine, Glenmark Pharmaceuticals Inc., seeking punitive damages of $20,000,000. (*Id.* at 13.) On March 31, 2020, Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* at 1.)

On February 6, 2020, the United States Judicial Panel on Multidistrict Litigation ("JPML") centralized all actions involving consumers alleging physical injuries in the form of liver, bladder, and other types of cancer as a result of their purchase of ranitidine products. The case is captioned *In Re Zantac (Ranitidine) Products Liability Litigation*, MDL No. 2924 ("Zantac MDL"). On April 1, 2020, Defendant filed a notice of potential tag-along action to the Zantac MDL pursuant to Rule 7.1(a) of the JPML and moved to stay this action, pending the JPML's decision. (ECF No. 12-1 at 9). On April 8, 2020, the JPML determined without opinion that this action was not appropriate for inclusion in the Zantac MDL. (*Id.*)

Defendant then withdrew its motion to stay the action and filed a motion to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 8 and 12(b)(6), arguing Plaintiff failed to adequately allege his products liability claim. On July 27, 2020, the Court granted Defendant's motion to dismiss under Rule 12(b)(6) and granted Plaintiff thirty days' leave to file a First Amended Complaint. (ECF No. 19.)

The Court received a letter from Plaintiff on August 13, 2020, which was rejected on August 17, 2020 for failure to comply with the Court's Local Rules. (ECF No. 20.) Plaintiff's time to file a First Amended Complaint expired on August 26, 2020. Following that date, no filings or further communication with the Court occurred until November 5, 2020, when Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 21.)

# II.

# DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that, should a plaintiff fail "to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Courts have construed Rule 41(b) to require that federal actions be prosecuted with "reasonable diligence" to avoid dismissal. *Anderson v. Air West, Inc.*, 542 F2d 522, 524 (9th Cir. 1976). In determining whether to dismiss a claim for failure to prosecute, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2003).

Defendant argues all five *Pagtalunan* factors weigh in favor of dismissal and therefore that the Court should dismiss this case with prejudice. Plaintiff filed a short response in opposition, in which he references an April 2020 letter to the Court. (ECF No. 23; *see* ECF No. 11.) That letter discusses Defendant's contact information and does not address the arguments raised by Defendant in its present motion. (ECF No. 11.) Plaintiff further alleges he is suffering from blood cancer caused by ranitidine tablets and submits several medical records. (ECF No. 23.) In his filing, Plaintiff does not respond to the substance of Defendant's motion or offer any reason for the delay in the prosecution of this case. Nor does Plaintiff request additional time to file a First Amended Complaint.

With respect to the first *Pagtalunan* factor, the deadline for Plaintiff to file an amended complaint passed over four months ago, and "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* As to the second factor, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* The Court must be able to manage its docket "without being subject to routine noncompliance of litigants." *Id.* Here, Plaintiff's failure to amend has caused "the action to come to a complete halt." *Yourish v.*

*California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (affirming district court's decision to dismiss action where plaintiff failed to file amended complaint within sixty-day deadline). The first two factors strongly favor dismissal.

Regarding the third factor, "[t]o prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Although the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal," *id.*, a "plaintiff's failure to provide an excuse for failure to amend is sufficient to establish prejudice." *Curtis v. Bank of Am., N.A.*, No. CV 12-09158 MMM MANX, 2013 WL 1561475, at *2 (C.D. Cal. Apr. 12, 2013); *see Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default."). Here, although Plaintiff filed a response to Defendant's present motion, Plaintiff fails entirely to explain why he did not properly file an amended complaint or seek an extension of time to do so. Accordingly, this factor also favors dismissal. *See Pagtalunan*, 291 F.3d at 643 (finding this factor weighed in favor of dismissal where plaintiff offered "no clear explanations" and noting "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.")

As to the fourth factor, the Court must consider the availability and adequacy of less drastic alternatives to dismissal, such as warnings. *See Malone*, 833 F.2d at 131–32 & n.1. The Court's initial grant of leave to amend cannot constitute a "less drastic alternative" to dismissal because Plaintiff had not yet disobeyed any court order when leave was granted. *See Yourish*, 191 F.3d at 992. Nevertheless, Plaintiff's failure to file an amended complaint in compliance with the order and this Court's rules, in combination with Plaintiff's failure to explain the delay or request additional time to file in his response to the present motion, "indicates that there are no less drastic alternatives that are realistically available." *Curtis*, 2013 WL 1561475, at *2. The Court thus finds this factor to be neutral.

4

20-cv-00619-DMS-MDD

Lastly, the fifth factor typically weighs against dismissal because public policy favors disposition of cases on the merits. *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits," and thus this factor "lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted) (citing cases). This factor is therefore neutral.

On balance, the cumulative weight of the *Pagtalunan* factors favors dismissal. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where district court found three of the five factors weighed in favor of dismissal). Although Plaintiff is proceeding *pro se*, "[f]ederal courts, including the Ninth Circuit, recognize the important goals served by lenient treatment of pro se litigants must necessarily yield to prejudice suffered by the courts and other parties." *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (finding complaint by pro se plaintiff subject to dismissal under Rule 41(b)) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992)). Accordingly, the Court dismisses this case with prejudice.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is granted. This case is hereby dismissed with prejudice.

**IT IS SO ORDERED**.

Dated:  January 19, 2021

Hon. Dana M. Sabraw
United States District Judge